# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PATRICK MYERS,

    Plaintiff,

v.                                                                       CASE NO. 8:10-CV-1017-T-30MAP

STATE OF FLORIDA, et al.,

    Defendants.
_____/

## O R D E R

Before the Court is plaintiff's civil rights Complaint filed pursuant to 28 U.S.C. §1983 (Dkt. 1) in which plaintiff challenges his 2009 state criminal conviction and sentence. With his Complaint, plaintiff filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915 (Dkt. 2).

## DISCUSSION

Title 28 U.S.C. §1915(e)(2) provides, in pertinent part, that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or
> (B) the action or appeal-- (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The procedure required by §1915(e)(2) is a screening process, to be applied by the Court *sua sponte* and as early as possible in the litigation. *See* 28 U.S.C. §1915(e)(2). The Court has

screened plaintiff's complaint. After doing so, and being mindful that the Court must accept all of plaintiff's allegations as true and construe them more liberally than if drafted by an attorney, the Court concludes that plaintiff's complaint is due to be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff claims that he is being illegally detained in violation of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution because defendants denied him a new lawyer, illegally sentenced him, and denied him access to transcripts. For relief, he seeks immediate release from incarceration.

In light of this claim, plaintiff's exclusive remedy is a petition for writ of habeas corpus. *See Pugh v. Smith*, 333 Fed. Appx. 478, 479 (11th Cir. June 24, 2009) (unpublished) (stating that "[a] habeas petition is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate release.") (citing in part *Prieser v. Rodriguez*, 411 U.S. 475, 500 (1973)). As the United States Supreme Court also reaffirmed based on its prior precedent in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (Emphasis in original); *accord Robinson v. McDonough*, 259 Fed. Appx. 238 (11th Cir. 2007) (unpublished) (citing and quoting *Preiser* and *Wilkinson*). Furthermore, even if the Court were to construe plaintiff's complaint as a petition for writ of habeas corpus, *see Pugh v. Smith*, 333 Fed. Appx. at 480,

such a petition would still have to be dismissed because plaintiff has failed to exhaust the administrative remedies available to him. *See Skinner v. Wiley*, 355 F.3d 1293, 1294 (11th Cir. 2004).

**ACCORDINGLY**, the Court **ORDERS** that:

1. Plaintiff's civil rights complaint is **DISMISSED** for failure to state a claim for which the Court can grant relief. (Dkt. 1).

2. The motion to proceed *in forma pauperis* (Dkt. 2) is **DENIED** as moot.

3. The Clerk of Court shall close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 4, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*